IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE KENNARD,

        Petitioner,              No. CIV S-05-2023 FCD GGH P

    vs.

SCOTT KERNAN, Warden,        ORDER

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254.  Petitioner proceeds on an original petition, challenging his conviction in a prison disciplinary action for possession of methamphetamine in his cell.  Petitioner is currently housed at California State Prison - Sacramento (CSP-Sac), and although the disciplinary action he challenges took place at CSP-Lancaster, and the petition was filed in September, 2005 in the Central District, it was thereafter transferred and filed in this court on October 6, 2005.  See Docket Entry # 1.

        Petitioner contends that the controlled substance discovered in his cell belonged to his cellmate, but that he was nevertheless adjudged guilty of possession, in violation of due process, and assessed a loss of 150 days of good time/work time credit.  Petition, p. 12.  Specifically, petitioner alleges that he was denied the right to present his only defense to the

charge, was not permitted to call defense witnesses or to confront the accusing officer and was "reduced to simply denying the allegation." Id.

In the answer, filed on Feb. 23, 2006, and thereafter supplemented on Feb. 28, 2006, respondent concedes that petitioner exhausted his state court remedies, but asserts as an affirmative defense that the petition was untimely as not filed within the AEDPA time limits, citing Shelby v. Bartlett, 391 F.3d 1061, 1065 (9th Cir. 2004) and Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846 (2006). Answer, pp. 2, 4. The court's review of the relevant documents indicates that the instant petition may be untimely filed. Petitioner did not file a reply/traverse. The court will now direct petitioner to show cause why his petition should not be dismissed as untimely and to show, e.g., whether and why he might be entitled to equitable tolling.

Accordingly, IT IS ORDERED that:

1. Petitioner must show cause, within 20 days, why the instant petition should not be dismissed as barred by 28 U.S.C. § 2244(d)(1)(D); and

2. Failure to respond timely will result in a recommendation that this petition be dismissed.

DATED: 04/17/08

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
kenn2023.osc

2